

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JARRETT DAMON ELY, | § | No. 08-23-00088-CR |
| Appellant, | § | Appeal from the |
| v. | § | 104th District Court |
| THE STATE OF TEXAS, | § | of Taylor County, Texas |
| State. | § | (TC# 23339-B) |

## <u>MEMORANDUM OPINION</u>

Jarrett Damon Ely challenges his conviction for continuous sexual abuse of a child.[1] TEX. PENAL CODE ANN. § 21.02(b). Appellant's counsel has filed an *Anders* brief in support of a motion to withdraw. We grant counsel's motion and affirm the trial court's judgment.

The State charged Appellant by indictment with one count of continuous sexual abuse of a child and one count of indecency with a child by contact. TEX. PENAL CODE ANN. § 21.02(b); § 21.11. Appellant originally pleaded not guilty to both counts, but during his jury trial, Appellant changed his plea to count one from not guilty to guilty. When Appellant informed the trial court that he wished to change his plea to count one, the State offered to accept the plea and waive count

---

[1] This case was transferred from the Eleventh Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Eleventh Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

two. The trial court, outside the presence of the jury, accepted Appellant's charge agreement with the State and, for a second time, admonished Appellant with the remaining charge of the indictment and range of punishment: "imprisonment for life, or imprisonment for not more than 99 years or not less than 25 years." Appellant agreed that he was pleading guilty freely and voluntarily. He then waived his right to a jury and entered a signed judicial confession. As part of the charge agreement with the State, Appellant waived his right to appeal guilt/innocence. After accepting Appellant's plea, the trial court proceeded to a jury trial on punishment. The jury returned a judgment of conviction, sentencing Appellant to life imprisonment.

Appellant's counsel has filed a motion to withdraw along with a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The brief satisfies the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Id.* at 744. As required by the Texas Court of Criminal Appeals, Appellant's counsel has certified to this Court that he has provided copies of the motion and brief to Appellant, advised Appellant of his right to examine the appellate record and file a pro se response, notified Appellant of his right to seek discretionary review should we find this appeal frivolous, provided a motion to assist Appellant in obtaining the record, and supplied Appellant with this Court's mailing address. *See Kelly v. State*, 436 S.W.3d 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744.

To date, Appellant has not filed a pro se response. We have thoroughly reviewed the record, along with the *Anders* brief, and we agree with counsel's professional assessment that the record does not present any meritorious grounds for review. Accordingly, we find the appeal frivolous.

We grant counsel's motion to withdraw and affirm the trial court's judgment.

LISA J. SOTO, Justice

October 31, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)